**[ECF Nos. 21, 27, 42]**

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **ASHLEY NEDRICK,**  Plaintiff,  v.  **THE COUNTY OF SALEM, et al.,**  Defendants. | Civil No. 22-5143 (RBK/EAP) |

**OPINION**

Before the Court are three Motions filed by Plaintiff Ashley Nedrick: (1) Motion for Leave to File a Second Amended Complaint, ECF No. 21; (2) Motion for Leave to File a Third Amended Complaint, ECF No. 27;[1] and (3) Motion to Consolidate, ECF No. 42.[2] In each Motion to Amend, Plaintiff seeks to add new parties who would ultimately replace her as the putative class representative. The Court scheduled oral argument on both Motions on January 17, 2024, and ordered Plaintiff to personally appear at the hearing. *See* ECF No. 38. Plaintiff failed to appear. *See* ECF No. 40, Minute Entry. The Court rescheduled oral argument for February 14, 2024, and again ordered Plaintiff to appear. *See* ECF No. 41. Plaintiff failed to appear a second time. *See* ECF No. 48, Minute Entry. Anticipating that the Court would deny the Motions to Amend,

---

[1] The Motion for Leave to File a Third Amended Complaint is mislabeled on the docket as "Amended Complaint, Supplemental Motion to File a Second Amended Complaint." ECF No. 27.

[2] As explained below, Plaintiff filed her Motion for Consolidation in anticipation of this Court's denial of the Motions to Amend and presupposes that the denial would impact the statute of limitations on the claims of the putative class.

Plaintiff filed the pending Motion to Consolidate.  For the following reasons, Plaintiff's Motions to Amend and the Motion for Consolidation are **DENIED**.

## FACTUAL BACKGROUND

The following facts are taken from Plaintiff's Amended Complaint ("Am. Compl."), ECF No. 3.  Plaintiff Ashley Nedrick was admitted to the Salem County Correctional Facility ("SCCF") in or about June 2022.  Am. Compl. ¶ 34.  Upon admission, prison officials classified Ms. Nedrick as "at-risk" of suicide without a medical or psychological evaluation.  *Id.* ¶¶ 37-38.  Jail officials then transferred Ms. Nedrick to the "at-risk" unit in the jail, where they strip searched her and forced her to wear an anti-suicide smock, which "was uncomfortable, was too small, lacked functional fasteners, and was immodest."  *Id.* ¶ 42.  In the at-risk unit, Plaintiff's cell contained a CCTV camera that live-streamed footage to fifteen to twenty locations throughout the jail.  *Id.* ¶¶ 44-46.  Plaintiff alleges that prison officials regularly strip searched her in her cell while the camera was rolling.  *Id.*  Plaintiff further alleges that video footage of the searches was retained and subject to cross-gender viewing.  *Id.* ¶¶ 47-48.

Plaintiff alleges on her own behalf and on behalf of two prospective classes of pretrial detainees, *see id.* ¶ 5, that the following conditions at SCCF violate federal and state law:

1. Being subjected to routine strip searches;
2. Being forced to wear an anti-suicide smock that is unusually short and lacks functional fasteners;
3. Being housed in a cell with a camera that broadcasts to 15-20 locations throughout the jail;
4. Being housed in a cell with a camera that broadcasts to 15-20 locations throughout the jail that permits cross-gender viewing; and
5. Being denied medical supervision when upon admission, the detainee is chemically dependent but not on prescription medication to treat such condition.

*See id.* ¶ 22.  Plaintiff asserts the following causes of action:

1. Unlawful strip searches of non-indictable detainees in violation of the Fourth Amendment and the New Jersey Constitution (Count One);
2. Arbitrary suicide identification and prevention policies, electronic surveillance, and lack of medical supervision for chemical dependency in violation of the Fourth Amendment and procedural due process protections (Count Two);
3. Unlawful, arbitrary at-risk classification (Count Three);
4. Unlawful surveillance (Count Four);
5. Failure to provide medical care (Count Five);
6. Unlawful strip searches (Count Six);
7. Female detainees being forcibly exposed in violation of the New Jersey Law Against Discrimination in Public Accommodation ("NJLAD") and the New Jersey Civil Rights Act ("NJCRA") (Count Seven);
8. Failing to treat or accommodate Plaintiff for her chemical dependency disability in violation of the NJLAD and the NJCRA (Count Eight);[3]
9. Failing to provide adequate clothing in violation of both the Federal and New Jersey Constitutions, the NJCRA, and the NJLAD (Count Nine);[4]
10. Insufficient medical care and supervision in violation of both the Federal and New Jersey Constitutions, the NJCRA, and the NJLAD (Count Ten and Count Eleven).[5]

*See id.* ¶¶ 51-161.

## PROCEDURAL HISTORY

Plaintiff Ashley Nedrick, the sole class representative in this putative class action, filed the Complaint commencing this action on August 22, 2022, and amended it once as a matter of course on September 6, 2022. *See* ECF Nos. 1, 3. On November 1, 2022, Defendants moved to dismiss the Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See* ECF No. 8. The Court granted that motion in part and dismissed the causes of action based on denial of medical supervision (Counts Five, Eight, Ten, and portions of Counts Two and Eleven) without prejudice. *See* ECF No. 14, Order of Dismissal. On July 10, 2023, Defendants filed their Answer to the Amended Complaint. *See* ECF No. 15.

On August 9, 2023, the Court held a Rule 16 Initial Scheduling Conference, and the case proceeded into discovery. *See* ECF No. 18, Initial Scheduling Order. On August 24, 2023, the

---

[3] Mislabeled in the Amended Complaint as a second Count Seven.
[4] Mislabeled in the Amended Complaint as Count Ten.
[5] Mislabeled in the Amended Complaint as Count Eleven and Count Twelve.

Court consolidated this matter with another matter: *Brown v. County of Salem*, No. 22-3739 (RBK)(EAP), pending denial of class certification here. *See* ECF No. 19, Order. On August 25, 2023, Defendants served initial written discovery requests on Ms. Nedrick in accordance with the Court's Scheduling Order.

Since then, Plaintiff has twice moved to amend the Amended Complaint: first on September 8, 2023, *see* ECF No. 21; and second on November 13, 2023, *see* ECF No. 27. Defendants opposed both Motions. *See* ECF Nos. 22, 33. According to Plaintiff, the proposed amendments: (1) add new parties; (2) delineate new sub-classes; (3) include a new claim for violation of substantive due process under the Federal and New Jersey Constitutions; and (4) include a new state law claim that non-indictable detainees' rights were violated when prison officials strip searched them upon admission to SCCF without reasonable suspicion. ECF No. 27-1, Proposed Third Am. Compl., at 2.

On November 16, 2023, the Court held a discovery dispute conference on the record with counsel. *See* ECF No. 29, First Am. Scheduling Order. During the conference, the Court learned that Ms. Nedrick had not provided her certified responses to the Defendants' discovery requests served in August 2023. The Court further learned that Ms. Nedrick was not in regular contact with her counsel. Considering that information, the Court granted Plaintiff more time to comply by extending the due date for her certified discovery responses to November 30, 2023. *See id.*

Plaintiff failed to comply with the Court's extension to produce her discovery responses. Despite the pending Motions to Amend to add new parties, the circumstances made clear that Plaintiff's counsel needed to seek substitution of Ms. Nedrick as class representative due to her lack of participation. In this District, substitution of a sole class representative prior to class certification is procedurally improper unless two conditions are met. *See Wilson v. Quest*

4

*Diagnostics Inc.*, No. 18-11960, 2020 WL 401814, at *2 (D.N.J. Jan. 24, 2020).  First, the named representative must appear before the Court to confirm:  (1) her intention to remain a member of the putative class; and (2) that her claims have not settled or otherwise become moot.  *Id.*  Second, the party seeking replacement must immediately present a proposed class representative with standing to sue.  *Id.* (citing *Aguilar v. Boulder Brands, Inc.*, No. 3:12-1862, 2014 WL 4352169, at *8 (S.D. Cal. Sept. 2, 2014) ("[T]he weight of authority allows for a sole named plaintiff and proposed class representative to be substituted prior to class certification when the current plaintiff has not settled her claims or had her claims dismissed and intends to become part of the class."))

In accordance with *Wilson*, on December 19, 2023, the Court scheduled oral argument on the pending Motions to Amend for January 17, 2024, and ordered Ms. Nedrick to personally appear to confirm that she would remain a member of the putative class.  *See* ECF No. 34, Second Am. Scheduling Order.[6]  The Court instructed Plaintiff's counsel to send Ms. Nedrick a copy of the Order directing her to appear by certified and first-class mail and to file proof of service on the docket.  *See id.*  Plaintiff's counsel filed proof of service on December 27, 2023.  *See* ECF No. 36, First Proof of Service.

Ms. Nedrick failed to appear at the January 17, 2024 hearing.  *See* ECF No. 40, Minute Entry.  At the hearing, Plaintiff's counsel represented to the Court that Ms. Nedrick had been incarcerated in the Camden County Correctional Facility for approximately a month between November and December 2023.  Considering counsel's arguments, the Court gave Plaintiff one final chance to appear before denying the Motions to Amend as procedurally deficient.  *See* ECF No. 41, Third Am. Scheduling Order.  The Court rescheduled the motion hearing for February 14, 2024, and ordered Plaintiff to appear following the same proof-of-service procedure outlined

---

[6] On that same day, Defendants filed their opposition to the Motion for Leave to File a Third Amended Complaint.  *See* ECF No. 33.

above. *See id.* Plaintiff's counsel filed proof of service on February 13, 2024. *See* ECF No. 46, Second Proof of Service.

During the January 17, 2024 hearing, the Court also granted Defendants leave to file supplemental briefing in opposition to the Motions to Amend to address *Wilson v. Quest Diagnostics Inc.*, No. 18-11960, 2020 WL 401814 (D.N.J. Jan. 24, 2020), which they had not previously. Further, Plaintiff's counsel expressed concern that denial of the Motions to Amend would impact the statute of limitations for the claims in this case. Accordingly, Plaintiff's counsel requested leave to file a motion to stay these proceedings. The Court granted that request. *See* ECF No. 41, Third Am. Scheduling Order.

Plaintiff, however, did not follow the Court's Order. Instead, on January 25, 2024, Plaintiff filed a Motion to Consolidate this matter with a newly-filed putative class action concerning the same conduct: *Neimeister v. The County of Salem, et al.*, No. 24-411 (RBK)(EAP). *See* ECF No. 42. As an alternative to consolidation, Plaintiff seeks a tolling of the applicable statute of limitations under *American Pipe*. *See* ECF No. 42-1, Pl.'s Br. in Supp. of Mot. to Consolidate at 5-9. In addition, on January 29, 2024, Plaintiff filed a sur-reply in further support of the Motions to Amend. ECF No. 43.[7] For their part, Defendants filed opposition to the Motion to Consolidate, *see* ECF No. 44, and a supplemental brief in opposition to the Motions to Amend, *see* ECF No. 45.

Plaintiff again failed to appear at the February 14, 2024 hearing. *See* ECF No. 48, Minute Entry. The Court proceeded to hear arguments from counsel on the pending Motions to Amend. For the reasons that follow, Plaintiff's Motions to Amend and Motion to Consolidate are **DENIED**.

---

[7] Mislabeled on the docket as "Reply Brief in Opposition to Motion."

## DISCUSSION

I. **The Court Is Constrained to Deny the Motions to Amend Because They Are Procedurally Improper.**

Although Plaintiff's counsel filed the Motions to add new parties, the circumstances here have made clear that, because of Ms. Nedrick's lack of participation, Plaintiff's counsel must seek substitution of Ms. Nedrick as class representative.[8] With that context in mind, the Court finds that the Motions to Amend are procedurally improper because the Court cannot order the substitution of another party as the class representative without confirming that Ms. Nedrick intends to remain in the putative class. Because Ms. Nedrick has ignored multiple opportunities to convey her intention to do so over several months, the Court must deny the Motions to Amend.[9]

"Ordinarily, substitution of class representatives is permitted only after a class has already been certified." *Skilstaf, Inc. v. CVS Caremark Corp.*, No. 09-2541, 2010 WL 199717, at *6 (N.D. Cal. Jan. 13, 2010). "This is because, after class certification, the class takes on 'a legal status separate from the interests asserted by [the class representative.]'" *Bernor v. Takeda Pharms. Am. Inc.*, No. 12-4856, 2018 WL 588563, at *1 (C.D. Cal. Jan. 25, 2018) (quoting *Sosna v. Iowa*, 419 U.S. 393, 399 (1975)). However, courts have recognized that strict application of that categorical rule would be inefficient (and potentially unfair) when a motion for class certification is pending or has been rejected without prejudice. For example, preventing substitution after the court denies

---

[8] As described above, on November 16, 2023, the Court learned that Plaintiff had not been responsive throughout discovery. Plaintiff's counsel has not explicitly mentioned the last time he was in regular contact with Ms. Nedrick; instead, he informed the Court that his last contact with Ms. Nedrick was a single text message in November 2023 confirming her new cell phone number. ECF No. 39-1, Certification of William Riback, Esquire ¶ 3.

[9] Defendants argue that the Motions to Amend are deficient in several other respects, including failure to comply with the Local Civil Rules; delineation of redundant subclasses; failure to state which named plaintiff purports to represent which subclass; and inclusion of previously-dismissed claims related to denial of medical care and futile claims. *See* ECF Nos. 22, 33. Because the Court will deny the Motions on other grounds, it need not address these arguments.

class certification because a proposed representative is insufficient under Rule 23—not because of deficiencies regarding the class itself or the claims within it—would waste considerable resources already expended on the certification motion. Accordingly, courts regularly give plaintiffs the opportunity to substitute a defective representative after rejecting a certification motion on typicality or adequacy grounds. *Rivet v. Off. Depot*, 207 F. Supp. 3d 417, 430-31 (D.N.J. 2016) (certifying three out of four subclasses; rejecting certification as to a fourth subclass for lack of an adequate class representative; and granting plaintiffs leave to substitute the defective representative); *cf. also Birmingham Steel Corp. v. TVA*, 353 F.3d 1331, 1339 (11th Cir. 2003) (directing the district court to provide plaintiffs a period in which to cure deficiencies by replacing the class representative after class decertification).

      Courts, however, apply a more stringent test when a plaintiff moves to substitute a sole class representative before moving for certification. *Bernor*, 2018 WL 588563, at *5 (citing *Velazquez v GMAC Mortg. Corp.*, No. 08-5444, 2009 WL 2959838, at *3 (C.D. Cal. Sept. 10, 2009)). In the Third Circuit, substitution of a named plaintiff is appropriate in those circumstances only if the claim remains "live." *Lusardi v. Xerox Corp.*, 975 F.2d 964, 974 (3d Cir. 1992). Courts in this District and others have interpreted the "liveness" requirement to allow pre-certification substitution in a variety of circumstances, but only where: (1) the named party being replaced confirms that she intends to remain a member of the putative class; and (2) a replacement plaintiff with standing is immediately available. *Wilson*, 2020 WL 401814, at *2 (alteration in original) (quoting *Aguilar*, 2014 WL 4352169, at *8); *see also Ceisler v. First Pa. Corp.*, No. 89-9234, 1991 WL 83108, at *4 (E.D. Pa. May 13, 1991) (granting a motion to amend the complaint to substitute a sole named plaintiff "since [the named plaintiff] merely seeks to withdraw as class representative and does not seek to withdraw his claim as a putative class member").

8

Here, the Court will deny the Motions to Amend as procedurally improper because Ms. Nedrick has not confirmed whether she intends to continue as part of the putative class. Ms. Nedrick is the only named class representative properly joined as a party at this time, and no motion for class certification is pending. Thus, unless Ms. Nedrick intends to remain a member of the class, no "live" controversy exists. Because Ms. Nedrick has failed to respond to discovery, to contact her counsel, to obey Court orders, or to appear over the past several months, the Court could not confirm her intentions regarding this suit. Accordingly, the Court must deny her Motions to Amend.

Plaintiff cites *Rivet v. Office Depot*, 207 F. Supp. 3d 417 (D.N.J. 2016), in support of her argument that substitution by amendment is categorically allowed at the pre-certification stage. That case, however, is inapposite. In *Rivet*, the court granted class certification as to three out of four subclasses and found that the fourth subclass was deficient only because it lacked a proper representative. 207 F. Supp. 3d at 430-31. After rejecting the certification motions as to the fourth class without prejudice, the court granted the plaintiffs leave to substitute a viable class representative for the fourth subclass via an amended complaint. *Id.* Here, unlike *Rivet*, no motion for class certification is pending. In addition, courts allow for substitution after an unsuccessful class certification motion to preserve judicial economy; typically, a class certification motion is the result of extensive discovery that would be wasted if substitution were categorically forbidden. *Cf. Birmingham Steel Corp.*, 353 F.3d at 1339 ("[E]fficient administration of justice requires that . . . an opportunity [to substitute] be given as otherwise the two years spent conducting discovery would be rendered useless. . . ."). That concern is absent here. Because the parties have not engaged in significant discovery, denying substitution would not necessitate duplicative efforts. Accordingly, the Court will deny the Motions to Amend as procedurally improper.

## II. The Court Denies Plaintiff's Motion for Consolidation and Rejects Her Tolling Arguments As Premature.

Having denied the Motions to Amend as procedurally infirm, the Court now addresses two additional arguments made by Plaintiff, both of which presuppose that a denial of the Motions to Amend would impact the statute of limitations for the claims in this case. First, Plaintiff argues the Court should consolidate this matter with a newly filed putative class action based on the same conduct: *Neimeister v. The County of Salem, et al.*, No. 24-411 (RBK)(EAP). *See* Pl.'s Br. in Supp. of Mot. to Consolidate, at 2-5. Second, Plaintiff requests a tolling of the statute of limitations under *American Pipe*. *Id.* at 5-9. For the reasons that follow, the Court will deny the Motion to Consolidate and reject Plaintiff's tolling arguments as premature.

### A. Motion to Consolidate

Federal Rule of Civil Procedure 42(a) allows courts to consolidate matters which "involve a common question of law or fact." "The mere existence of common issues, however, does not require consolidation." *See In re Consol. Parlodel Litig.*, 182 F.R.D. 441, 444 (D.N.J. 1998) (quoting *Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp.*, 149 F.R.D. 65, 80 (D.N.J. 1993)). Accordingly, once commonality has been established, the Court has broad discretion in determining whether consolidation is proper and must weigh the "'interests of judicial economy against the potential for new delays, expense, confusion, or prejudice.'" *Kavon v. BMW of N. Am., LLC*, No. 20-15475, 2021 WL 3047042, at *2 (D.N.J. July 20, 2021) (quoting *Easton & Co. v. Mut. Benefit Life Ins. Co.*, Nos. 91-4012, 92-2095, 1992 WL 448794, at *4 (D.N.J. Nov. 4, 1992)). The moving party bears the burden of establishing that consolidation is warranted. *See In re Consol. Parlodel Litig.*, 182 F.R.D. at 444 (citations omitted).

Here, the Court finds on balance that consolidation of this matter with *Neimeister* is not appropriate. Although commonality exists, consolidation would not contribute to the expeditious

resolution of either matter. Discovery in this case began in August 2023, and Plaintiff has yet to provide her certified response to Defendants' discovery. Indeed, Plaintiff has failed to respond to multiple discovery orders and two orders directing her to appear for hearings. Including Ms. Nedrick as a named Plaintiff in a consolidated matter would simply delay the newly-filed case further and likely prejudice Defendants. For these reasons, Plaintiff's Motion to Consolidate is denied.

### B. Plaintiff's Tolling Arguments Are Premature

Lastly, Plaintiff seeks a tolling of the statute of limitations as to the putative class claims under *American Pipe & Construction Co. v. Utah*, 414 U.S. 528 (1974). There, the Supreme Court held that "the commencement of a class action suspends the applicable statute of limitations as to [intervention by] all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *American Pipe*, 474 U.S. at 554 (footnote omitted). The driving rationale of *American Pipe* was to avoid duplicative filings by encouraging reliance on an ongoing putative class action until a court denies certification. "The Court later extended this holding to all asserted members of the [putative] class who file subsequent individual actions, not just intervenors." *Leyse v. Bank of Am., Nat'l Ass'n*, 538 F. App'x 156, 160 (3d Cir. 2013) (en banc) (citing *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983)), *abrogated on other grounds by China Agritech, Inc. v. Resh*, 584 U.S. 732 (2018).

Although Plaintiff may have colorable arguments that the filing of this action tolled the statute of limitations for the claims of the putative class members, the Court finds that those arguments are premature. In support of her tolling argument, Plaintiff cites *Crump v. Passaic County*, 147 F. Supp. 3d 249 (2015). Like Ms. Nedrick, the *Crump* plaintiff alleged that prisoners were subject to public strip searches in violation of the United States and New Jersey Constitutions.

11

*Id.* at 251-52.  In *Crump*, however, the plaintiff filed a putative class action after the court dismissed a first putative class action for failure to prosecute under Rule 41(b).  *Id.* at 252-53.  The plaintiff moved to amend the complaint to replace the sole class representative.  *Id.* at 255-56.  The defendants opposed the motion, arguing that the claims were time-barred because the first-filed action did not toll the applicable statute of limitations under *American Pipe*.  *Id.*  The court disagreed and found that the statute of limitations was tolled from the time the previous action was filed until it was dismissed under Rule 41(b) because the claims at issue were "substantively identical."  *Id.* at 261.

Here, Plaintiff argues that *Crump* means this Court may toll the statute of limitations for the putative class members during the pendency of this case.  The Court disagrees.  *Crump* only applies when a defendant to a *second* putative class action invokes a statute of limitations defense and the plaintiff argues that a previously-filed-and-dismissed action tolled the applicable statute.  Because Defendants here have not argued that Plaintiff's claims are time-barred, those issues are not properly before the Court.  At bottom, Plaintiff's tolling arguments are for another court in a subsequent case.  Accordingly, the Court rejects Plaintiff's tolling arguments as premature.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motions to Amend, ECF Nos. 21, 27, and Motion to Consolidate, ECF No. 42, are denied.  An appropriate Order follows.

s/ Elizabeth A. Pascal
ELIZABETH A. PASCAL
United States Magistrate Judge

cc:  Hon. Robert B. Kugler, U.S.D.J.