IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ASHLEY NEDRICK, | |
| Plaintiff, | |
| | Civil No. 22-5143 (RBK/EAP) |
| v. | |
| | **OPINION** |
| THE COUNTY OF SALEM *et al.*, | |
| Defendants. | |

**KUGLER**, United States District Judge:

**THIS MATTER** comes before the Court upon Plaintiff Ashley Nedrick's Motion for Appeal of the Order and Opinion Denying Motion to Amend and Objection to the Report and Recommendation of Dismissal of Plaintiff's Complaint Without Prejudice ("Motion" or "Mot.") (ECF No. 54). For the reasons set forth below, Plaintiff's Motion is **DENIED**. The Court **AFFIRMS** Judge Pascal's Order and Opinion. (ECF Nos. 49–50). The Court also **APPROVES** and **ADOPTS** the Report and Recommendation, (ECF No. 52), in its entirety.

I. **BACKGROUND**

   A. **Introduction**

   This case centers on claims made by Plaintiff Ashley Nedrick ("Plaintiff," or "Nedrick") on behalf of herself and all similarly situated individuals surrounding alleged mistreatment at Salem County Correctional Facility ("SCCF") in violation of federal and state law.[1] The present

---

[1] The facts of this matter are discussed in further detail in Judge Pascal's Opinion, (ECF No. 49), and Report and Recommendation, (ECF No. 52), and we need not repeat them here.

1

Motion comes before the Court following several rulings by Magistrate Judge Pascal, *see* (ECF Nos. 49–50, 52), which we now review at Plaintiff's request.

### B. Procedural History

We review only the procedural history relevant for reviewing Plaintiff's pending Motion. On September 8, 2023, Plaintiff filed a Motion for Leave to File a Second Amended Complaint, (ECF No. 21), which Defendants opposed. (ECF No. 22). On November 13, 2023, Plaintiff filed a Motion for Leave to File a Third Amended Complaint, (ECF No. 27), which Defendants also opposed. (ECF No. 33). On January 25, 2024, Plaintiff filed a Motion to Consolidate Cases, (ECF No. 42), which Defendants opposed. (ECF No. 44).

On March 13, 2024, Judge Pascal entered an Opinion and Order addressing all three of these motions and denying each of Plaintiff's requests. (ECF Nos. 49–50, Opinion and Order). On March 20, 2024, Judge Pascal *sua sponte* entered a Report and Recommendation that this matter be dismissed without prejudice for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 52, R&R).[2]

On March 27, 2024, Plaintiff in the instant Motion (ECF No. 54) timely objected to the Report and Recommendation pursuant to Federal Rule of Civil Procedure 72 and Local Civil Rule 72.1(c)(2) and also appealed the Order and Opinion. On April 22, 2024, Defendants filed a brief opposing the Motion. (ECF No. 55). On April 29, 2024, Plaintiff filed a brief in further support of the Motion. (ECF No. 56). The matter is now ripe for this Court's review.

---

[2] As detailed in the Report and Recommendation, Plaintiff sought in each of her motions to add new parties who would then replace her as the putative class representative. (R&R 1). The Court scheduled oral argument on the motions on January 17, 2024, and ordered Plaintiff to personally appear at the hearing. *See* (ECF No. 38). Plaintiff failed to appear. *See* (ECF No. 40). The Court rescheduled oral argument for February 14, 2024, and again ordered Plaintiff to appear. *See* (ECF No. 41). Plaintiff failed to appear a second time. *See* (ECF No. 48).

## II. LEGAL STANDARD

When a magistrate judge addresses motions that are considered "dispositive," such as an involuntary dismissal for failure to prosecute, the magistrate judge will submit a Report and Recommendation to the district court. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). The district court may then "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions." 28 U.S.C. § 636(b)(1)(c); *see also* L. Civ. R. 72.1(c)(2).

Unlike an Opinion and Order issued by a magistrate judge, a Report and Recommendation does not have the force of law unless and until the district court enters an order accepting or rejecting it. *United Steelworkers of Am. v. N.J. Zinc Co., Inc.*, 828 F.2d 1001, 1005 (3d Cir. 1987). The standard of review of a magistrate judge's determination depends upon whether the motion is dispositive or non-dispositive. For dispositive motions, the district court must make a *de novo* determination of those portions of the magistrate judge's Report to which a litigant has filed an objection. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(c)(2); *see also State Farm Indem. v. Fornaro*, 227 F. Supp. 2d 229, 231 (D.N.J. 2002); *Zinberg v. Washington Bancorp, Inc.*, 138 F.R.D. 397, 401 (D.N.J. 1990) (concluding that the court makes a *de novo* review of the parts of the report to which the parties object). In matters where the magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of discretion. *See, e.g., Kresefky v. Panasonic Commc'ns & Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996) ("Where, as here, the magistrate has ruled on a non-dispositive matter such as a discovery motion, his or her ruling is entitled to great deference and is reversible only for abuse of discretion.").

**III.    DISCUSSION**

Plaintiff's Motion makes two requests of this Court. First, it appeals Judge Pascal's Order and Opinion entered on March 13, 2024, *see* (ECF Nos. 49–50), denying Plaintiff leave to file a second and third amended complaint and to consolidate cases. Second, it objects to Judge Pascal's subsequent Report and Recommendation that the matter be dismissed without prejudice for failure to prosecute. We review each request in Plaintiff's Motion and deny both.

**A.    Judge Pascal's Order and Opinion**

Motions for leave to file an amended complaint or consolidate cases are non-dispositive pre-trial motions that this Court regularly refers to a magistrate judge to resolve. *See* Loc. Civ. R. 72.1(a); Fed. R. Civ. P. 72(a) ("When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision."). As such, we review Judge Pascal's Order and Opinion for abuse of discretion. *See Kresefsky*, 169 F.R.D. at 64.

As discussed, on March 13, 2024, Judge Pascal entered an Opinion and Order denying Plaintiff leave to file a second and third amended complaint and to consolidate cases. *See* (ECF Nos. 49–50). As the Opinion notes, each of Plaintiff's motions sought to add new parties who would then replace her as the putative class representative. (ECF No. 49 at 1). After filing those motions, however, Plaintiff consistently failed to appear for hearings scheduled specifically to allow her to argue the pending motions, and she has otherwise failed to meaningfully respond to Court orders in other pretrial matters. *See* (ECF Nos. 38, 40, 41, 48).

It is clear to this Court upon review that, in full view of this wider context, Judge Pascal did not abuse her discretion in denying Plaintiff's motions. Plaintiff repeatedly failed to attend

4

hearings aimed squarely at providing her with a meaningful opportunity to prosecute her case, raising obvious doubt that she is able to consent to a party substitution or case consolidation in her name. Indeed, Ms. Nedrick "failed to respond to discovery, to contact her counsel, to obey Court orders, or to appear over the past several months," rendering the court unable to "confirm her intentions" regarding case consolidation, party substitution, or any other matter related to her claim. (ECF No. 49 at 9).

For these reasons, we are more than satisfied that Judge Pascal did not abuse her discretion in denying Plaintiff's pretrial motions. *See Kresefsky*, 169 F.R.D. at 64. Accordingly, we affirm her Order and Opinion. *See* (ECF Nos. 49–50).[3]

### B.   Judge Pascal's Report and Recommendation

Next, Plaintiff objects that the Report and Recommendation prejudices the rights of "intervenors" intended to act as substitutes for Plaintiff as the named party in the putative class. *See* (Mot. 4). Because the Report and Recommendation suggests dismissal without prejudice—a dispositive ruling—as an appropriate sanction for Plaintiff's failure to prosecute her case, we review Plaintiff's objection *de novo*. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(c)(2); *State Farm Indem.*, 227 F. Supp. 2d at 231; *Zinberg*, 138 F.R.D. at 401.

Plaintiff argues that the Court's "authority and powers to control its docket may not encroach upon intervenors [sic] substantive and procedural rights," which Plaintiff argues is what would happen if this Court were to adopt the recommendation to dismiss without prejudice. (*Id.* at 8). But as Plaintiff herself elsewhere points out, *see* (*id.* at 15), a dismissal without prejudice would in fact *preserve* her "substantive and procedural rights"—as well as those of the

---

[3] Plaintiff's Amended Complaint, (ECF No. 3), therefore remains the operative complaint.

proposed intervenors—if she or they were to opt into the putative class in a since-filed parallel matter: *Neimeister v. Salem County*, Civ. No. 24-411 (D.N.J. Mar. 14, 2024). For this reason, we are not convinced that a dismissal without prejudice would "encroach upon" *anyone's* rights, whether those of the proposed intervenors, putative class members, or Plaintiff. *See* (Mot. 8).

To be sure, Federal Rule of Civil Procedure 41 allows courts to dismiss a case with or without prejudice as a sanction measure. *See* Fed. R. Civ. P. 41(b). Given Plaintiff's repeated failure to attend numerous hearings—each of which were scheduled expressly to provide Plaintiff with an opportunity to state her intentions for moving forward in this case—we agree with Judge Pascal's determination that the sanction of dismissal without prejudice is appropriate, and we reject Plaintiff's arguments to the contrary. Moreover, as Plaintiff is aware, a dismissal without prejudice preserves Plaintiff's claims and those of the proposed intervenors should they later decide to opt into the putative class in *Neimeister*.

Accordingly, we overrule Plaintiff's objection to the Report and Recommendation, and we adopt Judge Pascal's ruling in its entirety.

### IV.   CONCLUSION

For the reasons expressed above, Plaintiff's Motion (ECF No. 54) is **DENIED**. Judge Pascal's Opinion and Order, (ECF Nos. 49–50), is **AFFIRMED**. The Court **APPROVES** and **ADOPTS** the Report and Recommendation, (ECF No. 52), in its entirety. Plaintiff's Amended Complaint, (ECF No. 3), is **DISMISSED without prejudice** for failure to prosecute, pursuant to Federal Rule of Procedure 41(b). An appropriate Order follows.

Dated: <u>May 14, 2024</u>               /s/ Robert B. Kugler
                                                  ROBERT B. KUGLER
                                                  United States District Judge